SOOLTON BUCHAKLIAN, Plaintiff-Appellant, v. LAKE COUNTY FAMILY YOUNG MEN'S CHRISTIAN ASSOCIATION *et al.*, Defendants-Appellees.

Second District   No. 2—99—0353

Opinion filed April 18, 2000.—Rehearing denied June 27, 2000.

Bernard R. Nevoral and Daniel M. Extrom, both of Bernard R. Nevoral & Associates, Ltd., of Chicago, for appellant.

Brian P. Shaughnessy and Michelle J. Rozovics, both of Cremer, Kopon, Shaughnessy & Spina, of Wheaton, for appellee.

JUSTICE RAPP delivered the opinion of the court:

Plaintiff, Soolton Buchaklian, appeals from summary judgments entered in favor of defendants, Lake County Family Young Men's Christian Association (YMCA) and Crawford & Company (Crawford). Plaintiff contends that the trial court erred (1) in finding that the YMCA owed no duty to her based on the "open and obvious condition" doctrine; and (2) in finding that the issue of spoilation of evidence was moot. We reverse and remand.

On January 28, 1998, plaintiff filed a two-count complaint against

defendants. The complaint was amended on February 9, 1998, apparently to correct the name of Crawford. Count I of the amended complaint alleged that plaintiff tripped and fell while walking across a mat on the YMCA's premises and alleged negligence on the part of the YMCA. Count II of the amended complaint alleged that defendants negligently lost, disposed of, or destroyed the mat.

Plaintiff had been a member of the YMCA since 1995. She typically swam at the YMCA three days a week for about an hour each day. It was her practice to change her clothing in the locker room, then shower, and proceed to the pool.

On February 10, 1997, at approximately 7 a.m., plaintiff changed into her swimming suit in the women's locker room and proceeded to the shower area with her friend, Ana Paparigian. As they approached the shower area, plaintiff tripped and fell in the area of a black mat. After falling, plaintiff observed that one particular piece of the mat was standing up approximately an inch or two higher than the other portions of the mat. Plaintiff was taken by ambulance to a hospital.

During her deposition, plaintiff stated that, "If I had been looking at the mat, I would have seen this thing sticking up." Plaintiff further admitted that she would not have tripped if she had been looking at the mat. Plaintiff had never seen the mat in this condition before, she did not know how long it had been in that condition, she did not know what caused the piece to be sticking up, she had never tripped on the mat prior to that date, she had heard no complaints about the mat prior to that date, and she had never complained about it.

Ana Paparigian testified during her deposition that she observed plaintiff stumble and fall but did not see the mat before plaintiff fell. Ana stated that after plaintiff fell she saw that a piece of the mat was sticking up approximately an inch higher than the rest of the mat. She did not know how long this piece of mat had been sticking up or why the piece was sticking up. She had crossed the mat on numerous occasions but had never tripped on it or made any complaints about it, and no one had ever complained to her about the mat.

Jennifer Patterson, a former YMCA patron, testified during her deposition that she was not present at the time plaintiff fell and that she became aware of the incident after speaking with plaintiff's attorney in the YMCA locker room in 1998. Patterson noted that the mat had been changed from a black one to a maroon and blue one, but she could not specify the date of that change. She described the mat in the locker room before it was changed as one big square piece, cut to fit the hallway, which had little triangular shapes, made out of woven rubber, that were connected together. She stated that the edges of the mat were frayed across the entire width of the front and back of the

mat. Patterson testified that both she and her daughter had tripped on the mat but that she had never complained about the mat to anyone at the YMCA except to other women in the locker room.

On January 6, 1999, the trial court granted summary judgment in favor of the YMCA as to count I, finding no question of fact regarding the "open and obvious" issue. On March 16, 1999, the trial court denied plaintiff's motion for reconsideration, finding that the YMCA had no notice of the alleged defect in the mat and that the YMCA owed plaintiff no duty as a matter of law. At that time, the trial court granted summary judgment in favor of defendants as to count II. Plaintiff timely appealed pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

## I. STANDARD OF REVIEW

■ On appeal, plaintiff maintains that the trial court erred in granting the summary judgments because it erroneously applied the "open and obvious condition" doctrine and the "mootness" doctrine. In all appeals from summary judgment, we conduct a *de novo* review of the evidence in the record. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995). Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1996); *Bier v. Leanna Lakeside Property Ass'n*, 305 Ill. App. 3d 45, 50 (1999). "Summary judgment is a drastic means of resolving litigation and should be allowed only when the right of the moving party is clear and free from doubt." *Bier*, 305 Ill. App. 3d at 50. "Therefore, where reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact." *Espinoza*, 165 Ill. 2d at 114.

## II. COUNT I—NEGLIGENCE

■ Plaintiff argues that the trial court erred in finding that the YMCA owed no duty of care to her. In a negligence action, the plaintiff must establish that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the defendant's breach proximately caused the plaintiff's injuries. *Espinoza*, 165 Ill. 2d at 114. "Unless a duty is owed, there is no negligence." *American National Bank & Trust Co. v. National Advertising Co.*, 149 Ill. 2d 14, 26 (1992). The existence of a duty is a question of law for the trial court to decide. *Espinoza*, 165 Ill. 2d at 114. "The issues of breach and proximate cause are factual matters for a jury to decide, provided

there is a genuine issue of material fact regarding those issues." *Espinoza*, 165 Ill. 2d at 114. If the plaintiff fails to establish an element of the cause of action, including a duty, summary judgment for the defendant is proper. *Espinoza*, 165 Ill. 2d at 114.

## A. DUTY

■ Our supreme court has observed that " 'the concept of duty in negligence cases is very involved, complex and indeed nebulous.' " *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140 (1990), quoting *Mieher v. Brown*, 54 Ill. 2d 539, 545 (1973). Indeed, our extensive research and review of cases in this area of the law have led us to conclude that the concept of "duty" in negligence cases is as clear as mud. However, the supreme court has identified certain factors that are relevant to determining the existence of a duty which include "the reasonable (1) foreseeability and (2) likelihood of injury, *** (3) the magnitude of the burden on defendant in guarding against injury and (4) the consequences of placing that burden on defendant." *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 389 (1998). Applying these factors to any particular case is a daunting task.

■ When, as here, the plaintiff alleges that she was an invitee on the YMCA's property at the time she was injured by a condition existing on the YMCA's property, the foreseeability of injury is ascertained by analyzing it under section 343 of the Restatement (Second) of Torts (*LaFever*, 185 Ill. 2d at 389), which states in relevant part:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts § 343 (1965).

Comment *d* to section 343 explains what an invitee is entitled to expect:

"An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein. Therefore an invitee is not required to be on the alert to discover defects which *** he might be negligent in not discovering. This is of importance in determining *** contributory negligence in failing to discover a defect, as well as in determining whether the defect is one which the possessor should believe that

his visitor would not discover ***." Restatement (Second) of Torts § 343, Comment *d*, at 217 (1965).

■ Analyzing the facts of this case under section 343 leads us to conclude that, by the exercise of reasonable care, the YMCA would have discovered the condition of the mat; that it should have realized that the condition of the mat involved an unreasonable risk of harm to invitees; that the YMCA should have expected that invitees would not discover or realize the danger or would fail to protect themselves against it; and that the YMCA appears to have failed to exercise reasonable care to protect invitees against the danger. The "foreseeability" prong of the analysis leads us to conclude that the YMCA owed the plaintiff a duty of care. This, however, does not end our analysis.

## B. "OPEN AND OBVIOUS CONDITION" DOCTRINE

■ Despite the duty set forth in section 343 of the Restatement, defendants insist that the defect in the mat encountered by plaintiff was "open and obvious" and therefore negated any duty the YMCA owed to plaintiff. Persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious. *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 447-48 (1996). The law generally assumes that persons who encounter conditions such as fire, height, and bodies of water will take care to avoid any danger inherent in such conditions. *Bucheleres*, 171 Ill. 2d at 448. As the supreme court noted in *Ward*:

"Certainly a condition may be so blatantly obvious and in such [a] position on the defendant's premises that he could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition." Ward, 136 Ill. 2d at 148.

■ The supreme court cited with approval section 343A of the Restatement (Second) of Torts, which limits the liability of possessors of land for open and obvious dangers. *Ward*, 136 Ill. 2d at 149-51. Section 343A states, in relevant part:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" (Emphasis added.) Restatement (Second) of Torts § 343A (1965).

The parties disagree as to whether plaintiff's injuries resulted from an open and obvious condition. For a condition to be open and obvious, an invitee must reasonably be expected to discover it and protect himself against it. See *Deibert v. Bauer Brothers Construction*

*Co.*, 141 Ill. 2d 430, 434-35 (1990) (adopting definition of "obvious" used in the Restatement (Second) of Torts § 343A, Comment *b*, at 219 (1965)).

■ Here, the trial court granted summary judgment in favor of the YMCA on the basis that plaintiff had stated during her discovery deposition that as she was walking toward the mat she was looking straight ahead, not at the mat, and that if she had been looking at the mat she "would have seen this thing sticking up" and would not have tripped. We disagree with the trial court's conclusion that, as a matter of law, the defect in the mat was an open and obvious danger that plaintiff could have avoided had she looked down at the floor in the area where she was going instead of looking straight ahead.

Plaintiff did not observe the defect until after her fall and had never seen it on any previous occasion; Ana Paparigian did not see the defect in the mat until it was pointed out to her after plaintiff's fall and had never seen the defect on any previous occasion; Jennifer Patterson had previously observed defects in the mat because both she and her daughter had tripped on the mat. The deposition testimony indicates that the condition of the mat was not "so blatantly obvious and in such [a] position" that the YMCA could not reasonably be expected to anticipate that invitees would fail to protect themselves from any danger posed by the condition of the mat. See *Ward*, 136 Ill. 2d at 148. Thus, we determine that a question of fact exists as to whether the danger was open and obvious.

We note that, in their reply brief, defendants asserted the lack of notice of the defect as an alternative basis for summary judgment. It seems that even defendants, in their alternative argument, have drawn the inference that the dangerous condition was not apparent.

The evidence in the record can support a reasonable inference that the defect in the mat was difficult to discover because of its size, the lack of significant color contrast between the defect and the surrounding mat, or merely the short time that a person has in which to discover the defect as he or she takes a few steps toward the mat. Based on any or all of these reasons, or perhaps others, the trial court should not have concluded as a matter of law that the defect in the mat was either open and obvious or that it could reasonably be expected to be discovered. Such a situation raises the issue of whether a reasonably prudent person should have anticipated that an injury would result from walking normally. See, *e.g., Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680 (1998). We refuse to hold that invitees, as a matter of law, are required to look constantly downward. See *Texler*, 81 Ohio St. 3d at 680. Indeed, it may be necessary for a pedestrian to keep a lookout for other

pedestrians to avoid collision, and plaintiff could not look both up to avoid other pedestrians and, at the same time, down to protect herself from tripping on the mat. See *Deibert*, 141 Ill. 2d at 439 (plaintiff could not look both up to check for possibility of flying construction materials and down to protect himself from tripping in a rut).

We are not persuaded by defendants' reliance on *Peterson v. Aldi, Inc.*, 288 Ill. App. 3d 57, 64 (1997), to support their argument that the YMCA did not owe plaintiff a duty of care because "[n]othing in plaintiff's testimony suggests that if she had looked down and seen the exposed [defect] she would not have recognized that she could trip over the [defect] unless she avoided it." *Peterson* was decided under the parameters of the legislature's tort reform amendment to the Premises Liability Act (see Pub. Act 89—7, § 35, eff. March 9, 1995 (amending 740 ILCS 130/2 (West 1994))). That amendment added a second paragraph to section 2 of the Premises Liability Act that included the following pertinent language:

> "The duty of reasonable care under the circumstances which an owner or occupier of land owes to such entrants does not include any of the following: a duty to warn of or otherwise take reasonable steps to protect such entrants from conditions on the premises *that are known to the entrant, are open and obvious, or can reasonably be expected to be discovered by the entrant* \*\*\*." (Emphasis added.) 740 ILCS 130/2 (West Supp. 1995).

In analyzing the meaning of the words "open and obvious" in the context of the amendatory act, this court in *Peterson* utilized a subjective standard and found that an exposed corner of a grapefruit bin pallet was open and obvious to the plaintiff. The Premises Liability Act, in the form as it existed at the time of the *Peterson* decision, has been declared unconstitutional and returned to its original form. See *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Thus, to the extent that the decision in *Peterson* relied on an interpretation of the amendment to the Premises Liability Act and utilized a subjective standard to determine whether a danger is open and obvious, we hold that the decision in *Peterson* is no longer viable and expressly overrule *Peterson*.

Accordingly, "[t]he issue of whether a condition is obvious is determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Menough v. Woodfield Gardens*, 296 Ill. App. 3d 244, 248-49 (1998). It is this court's opinion that summary judgment is not proper when reasonable minds could differ as to whether a condition was open and obvious and that such a determination involves a finding of fact even when a plaintiff admits that he or she could have seen the condition if he or she had looked. We

determine in this case that, where plaintiff was an invitee and had to walk over a mat in order to utilize the YMCA pool facilities, and where plaintiff may not have seen a defect in the mat before she tripped, genuine issues of material fact exist as to whether the defect in the mat was an open and obvious danger that plaintiff should have seen. The "obviousness" of a condition or "[w]hether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact." *Ward*, 136 Ill. 2d at 156; *Deibert*, 141 Ill. 2d at 441.

## C. "FORGETFULNESS OR DISTRACTION" EXCEPTION TO "OPEN AND OBVIOUS CONDITION" DOCTRINE

■ Assuming, *arguendo*, that the defect in the mat was open and obvious, section 343A does not, as defendants suggest, eliminate the duty of a possessor of land to exercise reasonable care. The existence of an open and obvious condition is not a *per se* bar to the finding of a legal duty. *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 449 (1996).

The supreme court has acknowledged an exception for "forgetfulness or distraction" to the general rule of no liability for open and obvious conditions. *Bucheleres*, 171 Ill. 2d at 451. The "forgetfulness or distraction" exception is based on determining whether the possessor should "anticipate the harm" despite the obviousness, as explained in examples by comment *f* to section 343A:

> "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Restatement (Second) of Torts § 343A, Comment *f*, at 220 (1965).

However, the "forgetfulness or distraction" exception was given as an example, and we do not read comment *f* to section 343A as intending that it is the exclusive exception. *Ward*, 136 Ill. 2d at 149-50. Furthermore, even if the danger is obvious, it does not conclusively determine the duty of the possessor or whether the possessor has acted reasonably under the circumstances but, rather, is important in determining whether the invitee was contributorily negligent or assumed the risk. See *Ward*, 136 Ill. 2d at 150, citing Restatement (Second) of Torts § 343A, Comment *f*, at 220 (1965).

We conclude that the jury must still determine whether the YMCA breached its duty to plaintiff. "Whether a defendant has breached its duty is a question of fact." *American National Bank*, 149 Ill. 2d at 29. The trier of fact must determine whether the YMCA took any safety precautions and, if so, whether the measures were adequate to satisfy

its duty of reasonable care. See *American National Bank*, 149 Ill. 2d at 29-30.

## D. PROXIMATE CAUSE—PLAINTIFF'S NEGLIGENCE

■ If the jury finds the YMCA liable, it must then decide whether and to what degree plaintiff was also negligent. A question of fact exists concerning whether plaintiff was responsible for her injuries because she did not look down while walking over the mat. The question of whether the negligence of plaintiff was the sole proximate cause or a contributing cause of the injury is an issue for the jury to decide under principles of comparative negligence. See *Ward*, 136 Ill. 2d at 156-57.

## III. COUNT II—MOOTNESS

■ The trial court also granted summary judgment in favor of defendants as to count II, finding that the entry of summary judgment on count I because of a lack of duty made the question of spoliation of evidence moot. "An issue is moot when its resolution could not have any practical effect on the existing controversy." *La Salle National Bank, N.A. v. City of Lake Forest*, 297 Ill. App. 3d 36, 43 (1998). We have determined that summary judgment on count I was improper. Consequently, summary judgment on count II was also improper and the trial court should proceed to decide the remaining issues, including spoliation of evidence.

## IV. CONCLUSION

■ In sum, we hold that where reasonable persons could draw divergent inferences from the undisputed material facts or where reasonable minds could differ as to a material fact, such as whether a condition is open and obvious, summary judgment should be denied and the issue decided by the trier of fact. See *Espinoza*, 165 Ill. 2d at 114. Accordingly, the trial court erred in finding, as a matter of law, that the defect in the mat was open and obvious and that as a result the YMCA owed no duty of care to plaintiff. If the jury finds that the condition was open and obvious, then it must determine whether the YMCA took any safety precautions and, if so, whether the measures were adequate to satisfy its duty of reasonable care. If the jury finds the YMCA liable, it must then decide whether and to what degree plaintiff was contributorily negligent. We also determine that the trial court erred in granting summary judgment in favor of defendants on count II.

For the foregoing reasons, we reverse the summary judgments of

206

the circuit court of Lake County. This cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

McLAREN and THOMAS, JJ., concur.