NEIL CONNAGHAN, Plaintiff-Appellant, v. JOHN G. CAPLICE, Defendant-Appellee.

Second District   No. 2—00—1374

Opinion filed October 10, 2001.

John M. O'Halloran, of Coleman, O'Halloran & Wynn, L.L.C., of Chicago, for appellant.

Travis G. Maisel and Robert P. Kile, both of Moore & Maisel, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Neil Connaghan, appeals the entry of summary judgment in favor of defendant, John G. Caplice, a homeowner, on plaintiff's negligence claim arising out of plaintiff's injuries caused by his fall while working on defendant's garage. We affirm.

The following facts are taken from the pleadings and attached documents. Plaintiff filed a two-count complaint alleging in count I that defendant breached his duty to plaintiff by failing to provide a suitable and temporary support; a safe, suitable, and proper scaffold; a safe, suitable, and proper guardrail; and proper and necessary equipment. Count I also alleged that these acts or omissions proximately caused the plaintiff's injuries. Count II alleged that defendant breached his duty to plaintiff by failing to reasonably inspect the premises, provide plaintiff with a safe workplace, warn plaintiff of the dangerous condition, provide adequate safeguards, supervise the work, and provide proper and necessary equipment; count II also alleged that defendant improperly managed, maintained, and controlled the premises.

In 1997, defendant hired many different contractors to renovate his house. Among these contractors, defendant hired Patrick Lally and plaintiff to perform rough carpentry on the house and rough framing on the garage. Before work on the garage began, defendant met with plaintiff and Lally to go over the plans an architect had prepared for defendant. Defendant bought materials from a list provided by Lally and plaintiff. Lally stated that plaintiff told defendant how much and what size of lumber to buy. Defendant stated that plaintiff or Lally provided a list of materials that defendant purchased for the job. Lally stated that he and plaintiff did not discuss with defendant who would supply the tools for the job or who would be responsible for safety.

Plaintiff stated that he had worked as a carpenter since 1970. Lally stated that plaintiff knew more about building garages than Lally so plaintiff "laid it out" and then the two worked together. Plaintiff and Lally built the garage walls without defendant's help or direction. Defendant stated that plaintiff and Lally also put up the walls without defendant's help. Plaintiff stated that defendant helped lift the walls into place but did not help build the walls. Plaintiff and Lally then cut the boards, fastened the boards, framed the walls, and placed the joists and rafters without defendant's direction or help. Neither plaintiff nor Lally asked defendant how to perform those tasks.

Before completion of the job, defendant changed the size of the windows because the size required by the plan was not available. Defendant also changed the location of the garage door. Defendant did not tell plaintiff or Lally which tools to use; however, some of defendant's tools were on site. Plaintiff and Lally used defendant's ladders to put up the walls, rafters, and install the joists. However, defendant did not tell plaintiff or Lally where to place the ladders or how to use them. Neither plaintiff nor Lally asked defendant for any equipment, *i.e.*, a scaffold, platform, boarding, or plywood to use as support. Defendant did not notice that they needed any equipment.

Further, Lally stated that he and plaintiff decided on their own work schedule. Defendant did come around and check on the progress of the work, but defendant never criticized the work or told them they were doing something unsafe. Plaintiff stated that he watched out for his own safety.

On the day of the accident, July 11, 1997, plaintiff and Lally were attaching the rafters to the joists. Lally stated that plaintiff placed his ladder and then climbed up to nail the rafters. Lally stated that he went to get something from his truck and when he returned he saw plaintiff falling backwards through and past the ceiling joists onto the floor of the garage. Lally did not recall where the ladder was when plaintiff fell. Plaintiff later told Lally that plaintiff did not know what happened and did not know whether the ladder gave way.

Plaintiff stated that he remembered being on the ladder when he fell but did not remember what caused him to fall. Plaintiff did not remember whether plaintiff or Lally placed the ladder and did not remember how high plaintiff climbed before he fell. Plaintiff had no problems with the ladder before his fall. The first thing plaintiff remembered was waking up in the hospital a day and a half after the fall. Plaintiff did not recall seeing defendant at any time on the day of the fall.

Plaintiff attached the affidavit of Jon VerHalen, a registered professional engineer, who inspected the ladders provided by defendant. VerHalen opined that the ladders were old, in disrepair, and violated safety standards provided by the Occupational Safety and Health Agency (OSHA). VerHalen also stated that OSHA regulations were violated by the failure to provide proper or adequate scaffolding.

The trial court granted defendant's motion for summary judgment, stating that defendant did not retain control over the "incidental" aspects of plaintiff's work and that, therefore, defendant had no duty to plaintiff under section 414 of the Restatement (Second) of Torts (1965) (Restatement). The court also determined that there was no evidence regarding the mechanism of plaintiff's fall and, therefore,

a fact finder could only base causation on speculation. Thus, plaintiff could not establish proximate cause. The trial court then granted defendant's motion for summary judgment. Plaintiff filed this timely appeal.

On appeal, plaintiff argues that the trial court erred by granting summary judgment in defendant's favor. Plaintiff asserts that the trial court improperly determined that plaintiff failed to establish that defendant owed plaintiff a duty pursuant to section 414 of the Restatement.

■ A court should enter summary judgment if the pleadings, depositions, admissions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill. 2d 278, 291 (2000). A triable issue of fact exists where there is a dispute as to a material fact or where, although the facts are not in dispute, reasonable minds might differ in drawing inferences from those facts. *Petrovich v. Share Health Plan of Illinois, Inc.*, 188 Ill. 2d 17, 31 (1999). When evaluating the facts, a court must construe the evidence strictly against the movant and liberally in favor of the nonmoving party. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 483 (1998). While a plaintiff need not prove his case during a summary judgment proceeding, he must present some evidentiary facts to support the elements of his cause of action. *Krueger v. Oberto*, 309 Ill. App. 3d 358, 367 (1999). Thus, summary judgment in favor of a defendant is appropriate where the plaintiff has failed to establish an essential element of his cause of action. *Krueger*, 309 Ill. App. 3d at 367. We apply a *de novo* standard of review to the trial court's decision to grant summary judgment. *Jones*, 191 Ill. 2d at 291.

■ One essential element of a negligence action is the existence of a duty that the defendant owed to the plaintiff. *Fris v. Personal Products Co.*, 255 Ill. App. 3d 916, 923 (1994). Plaintiff claimed that defendant owed plaintiff a duty of reasonable care pursuant to section 414 of the Restatement. However, plaintiff's reliance on section 414 is misplaced. Section 414 of the Restatement provides an exception to the general rule that one who employs an independent contractor is not liable for the acts or omissions of the independent contractor. *Rangel v. Brookhaven Constructors, Inc.*, 307 Ill. App. 3d 835, 838 (1999).

■■ Section 414 of Restatement provides:
"Negligence in Exercising Control Retained by Employer
One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm *to others* for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to

exercise his control with reasonable care." (Emphasis added.) Restatement (Second) of Torts § 414, at 387 (1965).

Thus, section 414 addresses the duty that an employer owes "to others," for example, employees of the independent contractor and other third parties. Nothing in this section of the Restatement imposes a duty upon employers that inures to an independent contractor. The theory of recovery expressed in section 414 is based upon a master/servant relationship or *respondeat superior*. Such a theory of liability does not encompass liability of the master inuring to the servant for acts or omissions of the servant. There is nothing in the record to establish that plaintiff was anything but an independent contractor. Because section 414 does not contemplate a duty an employer owes to an independent contractor, this section of the Restatement is not applicable here. Thus, the trial court properly granted defendant's motion for summary judgment.

Further, assuming, *arguendo*, that plaintiff established that he was a person who could be owed a duty under section 414, plaintiff arguably failed to establish that defendant exercised sufficient control to owe a duty under 414 of the Restatement.

Comment *c* to section 414 explains:

"In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." Restatement (Second) of Torts § 414, Comment *c*, at 388 (1965).

Whether an employer retained sufficient control to give rise to a duty of reasonable care to a third party is a question of fact. *Bokodi v. Foster Wheeler Robbins, Inc.*, 312 Ill. App. 3d 1051, 1059 (2000). However, where the evidence presented is insufficient to create a factual question regarding whether the employer retained sufficient control to give rise to a duty, the question may be decided as a matter of law on a summary judgment motion. *Bokodi*, 312 Ill. App. 3d at 1059.

On appeal, plaintiff urges us to broadly interpret the definition of "control" for purposes of section 414 of the Restatement. Plaintiff relies upon the testimony of Lally, plaintiff, defendant, and the language of the parties' contract to attempt to raise a material issue of

fact as to defendant's control over the project. Plaintiff argues that the deposition testimony establishes that defendant had the right to stop the work, tell the contractors to be careful, and change the way something was being done if he felt something was unsafe. Further, defendant was present once or twice daily during the construction, hired an architect to design and prepare blueprints for the garage, made changes to the windows and garage door, obtained building permits, hired the contractors, reviewed the blueprints with plaintiff, and supplied unsafe ladders.

However, these facts, even accepted as true, do not establish sufficient control to establish a duty to a third party under section 414. It is not enough that defendant "retained the right to inspect the work done and order changes to the specifications and plans" or that the employer "retained the right to make sure safety precautions were observed, and that the work was done in a safe manner." *Fris*, 255 Ill. App. 3d at 924; see also Restatement (Second) of Torts § 414, Comment *c*, at 388 (1965). Rather, plaintiff was required to establish that defendant retained "control over the incidental aspects" of the plaintiff's work to inure liability to third parties. See *Fris*, 255 Ill. App. 3d at 924. In other words, plaintiff, were he an "other," had to establish that he, as an independent contractor, was not free to do the required work in his own way but that defendant controlled both the ends and the means of the work. See *Fris*, 255 Ill. App. 3d at 924.

In this case, there is nothing to suggest that plaintiff was not entirely free to perform the work in the manner he chose. There is no evidence that defendant ever directed the "operative detail[s]" (Restatement (Second) of Torts § 414, Comment *c*, at 388 (1965)) of the work performed by plaintiff. Although defendant provided the ends, that is the plan and specifications, defendant did not direct plaintiff in the incidental aspects of plaintiff's work. Plaintiff, and not defendant, decided how the work would be done. Plaintiff was free to use whatever tools he chose or to request or obtain additional tools or equipment. The fact that defendant provided plaintiff with an allegedly unsafe ladder and did not provide scaffolding is not enough to establish that defendant retained control over the "incidental aspects" of plaintiff's work. See *Fris*, 255 Ill. App. 3d at 924. Defendant did not tell plaintiff how to use the ladder or where to place it. Defendant simply made the ladder available to plaintiff. Nothing in the record indicates that defendant knew or should have known that the ladder was unsafe.

Accordingly, we agree with the trial court and find no genuine issue of material fact in dispute concerning defendant's control of the project. Plaintiff failed to sufficiently establish that defendant retained

control of the work or safety issues for purposes of section 414. Thus, no duty arose to third parties, let alone plaintiff, and defendant is entitled to judgment as a matter of law. See *Hutchcraft v. Independent Mechanical Industries, Inc.*, 312 Ill. App. 3d 351, 359 (2000).

The cases cited by plaintiff are distinguishable from the case at bar because in those cases the defendants were much more actively involved in the incidental aspects of the plaintiffs' work. *Weber v. Northern Illinois Gas Co.*, 10 Ill. App. 3d 625 (1973) (defendant maintained a construction inspector on-site, at all times, to oversee that the work was done properly); *Sobczak v. Flaska*, 302 Ill. App. 3d 916, 919, 923 (1998) (defendant told the plaintiff what to do and how to do it and supervised plaintiff in reassembling the bulldozer that caused the plaintiff's injury); *Bokodi*, 312 Ill. App 3d at 1063 (defendant maintained constant supervision, required 29 different safety measures, instructed the subcontractor on personal protective equipment and work clothes, and required participation in its site-safety program). Here, defendant provided the ends but not the means of the job, did not supervise plaintiff's work methods, and had no safety or equipment requirements. Rather, defendant provided plans and ladders and left the incidental aspects of the plaintiff's work to the plaintiff. Thus, the cases cited by plaintiff are not controlling here.

Accordingly, we affirm the decision of the circuit court of Du Page County to grant summary judgment in defendant's favor.

Affirmed.

GEIGER and CALLUM, JJ., concur.