No. 1-01-0882 First District

 March 25, 2002

TIMOTHY SIMMONS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

)

) 

) 

)

) No. 97 L 16195

AMERICAN DRUG STORES, INC., an )

Illinois corp., d/b/a OSCO, JACK ) 

ZIMMERMAN, individually and as agent ) 

and/or employee of B&N REALTY CORP., )

and B&N REALTY CORP., an )

Illinois corp., ) The Honorable

) Sophia H. Hall,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE COHEN delivered the opinion of the court:

Plaintiff filed a personal injury action against defendants American Drug Stores, Inc., d/b/a Osco, B&N Realty Corp., and Jack Zimmerman, an agent of B&N Realty Corp. for injuries plaintiff sustained when he fell while exiting an Osco store.  The trial court granted summary judgment in favor of defendants.  Plaintiff appeals, contending that: (1) the danger presented by certain "cartnapper" barriers was not open and obvious; (2) even if the danger was open and obvious, plaintiff was distracted at the time he fell; and (3) plaintiff was forced to confront the alleged danger because he exited through the only exit from the store.  For the reasons that follow, we reverse and remand for further proceedings.

BACKGROUND

On October 21, 1996, plaintiff was attempting to pass through a "cartnapper" barrier outside an Osco drug store when he became stuck in the barrier, fell, and broke his foot.  Plaintiff sued defendants, alleging that the "cartnapper" barriers presented a dangerous condition.  Defendants moved for summary judgment, arguing that they owed plaintiff no duty because the "cartnapper" barriers presented an open and obvious danger and that plaintiff was not distracted when he encountered that danger. Defendants further asserted that plaintiff did not raise a genuine issue of material fact as to whether the "cartnapper" gates proximately caused plaintiff's injury.

In support of their motion for summary judgment, defendants submitted transcripts from the depositions of plaintiff and plaintiff's expert witness, John Fotsch, Jr.  The deposition transcripts were accompanied by deposition exhibits, which included several photographs of the scene of the occurrence and a letter from Fotsch to plaintiff's attorney regarding his analysis of the "cartnapper" barriers.

The Osco store where plaintiff fell was located in a small strip mall containing several other businesses.  A single doorway provided customers ingress and egress to the Osco. "Cartnapper" barriers, intended to prevent the removal of shopping carts from the Osco premises, were imbedded in a concrete slab between Osco's single doorway and the parking lot.  The letter from Fotsch to plaintiff's counsel indicates that the concrete slab ended approximately 4½  inches beyond the barriers, then dropped 4¾ inches to the asphalt parking lot.  The photographic exhibits show that the "cartnapper" barriers consisted of several sections of iron fencing, each of which was several feet high.  Gaps between the barrier sections allowed customers to enter and exit the area between the doorway and the parking lot; however, the gaps were too narrow to permit shopping carts to pass through the barriers.  A rectangular protrusion extended into each gap from both sides at the top portion of the fencing.  The letter from Fotsch to plaintiff's counsel indicates that the narrowed portion of the barrier gaps between these protrusions ranged from 15 to 17 inches wide.  A photograph included in the record incorporates a tape measure demonstrating a gap of approximately 16 inches. 

Plaintiff testified that he had frequented the Osco store without incident on numerous occasions before he was injured.  Plaintiff also testified he had previously exited the store while carrying packages without incident.  Around 9 p.m. on the date of his fall, plaintiff purchased two six-packs of nonalcoholic beer from the Osco store.  Each six-pack was placed in a separate plastic bag.  Plaintiff exited the store holding one bag in each hand and intending to put the six-packs in his car, which was parked somewhere in the mall lot.  Plaintiff did not remember whether he was looking straight ahead as he tried to pass through the gap between the barriers, but he said that he was not distracted when he encountered the barriers and that nothing blocked his vision.  

Plaintiff testified: 

"I was walking through there [the gap between two "cartnapper" barriers], and I didn't fit.  I got stuck.  There wasn't enough room. * * * That's what threw me off was the fact that there wasn't enough room.  * * * The reason I couldn't fit through the gate? * * * Would be my arms." 

Plaintiff was holding the bags down at his sides and did not lift the bags up over the barrier.  Plaintiff then lost his balance and fell off the curb into the parking lot, suffering injury to his foot.  In response to a question about what caused him to fall, plaintiff replied, "I don't know.  I don't know what reason--I mean, the gates were there."  Plaintiff testified that he did not know exactly how the injury to his foot occurred because "[i]t happened so fast."  After counsel refreshed plaintiff's memory with a note in his doctor's record, plaintiff agreed that at the time of the accident plaintiff's leg got stuck on the side of a post, causing him to lose his balance and fall.

Plaintiff's expert
, John Fotsch, Jr., is an architect with extensive professional experience in building design.  In a letter from Fotsch to plaintiff's counsel, which was included as an exhibit to Fotsch's deposition, Fotsch indicated that the 15 to 17 inch gap between the protrusions at the top of the barriers was "far less than any minimum allowable egress width allowed by the City of Chicago Building Code."  Fotsch further opined that the barriers "constitute a dangerous obstruction in the existing means of travel."  Fotsch noted that, with vision obstructed, the 4¾ inch curb "most certainly could cause serious injury."

At his deposition, Fotsch indicated that he could not cite any provision of the City of Chicago Building Code precluding use of the barriers.  Fotsch, however, also testified:

"I think there could be some interpretation of egress codes and their wording that these cart-nabber gates potentially could violate.  It's just that there is no place that is definitive that we have found yet that defines how far past the exit door of a facility is deemed the means of egress."

Fotsch later added:

"The minimum egress width in the City of Chicago Building Code is 36 inches.  What is not stated in the City of Chicago Building Code is distance past the way out of the building that is still considered the egress width."

After reviewing plaintiff's deposition testimony, Fotsch testified that he could not say the barriers were the proximate cause of the plaintiff's fall.

ANALYSIS

Summary judgment should only be granted when the pleadings, depositions and admissions on file reveal that there is no genuine issue of material fact and the moving party is entitled to judgment as matter of law.  
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513, 530 (1996).  Summary judgment is a drastic means of disposing of litigation and should be granted only in circumstances where the right of the moving party is clear and free from doubt.  
Harris v. Old Kent Bank
, 315 Ill. App. 3d 894, 899 (2000).  Plaintiff need not prove his case on a summary judgment motion, but plaintiff must provide an arguable factual basis for potential recovery.  
Connaghan v. Caplice
, 325 Ill. App. 3d 245, 248 (2001).  When reviewing a motion for summary judgment, this court must consider the facts in the light most favorable to the nonmoving party and apply a 
de
 
novo
 standard of review.  
Engelland v. Clean Harbors Environmental Services, Inc.
, 319 Ill. App. 3d 1059, 1062 (2001).

To sustain a cause of action for negligence, plaintiff must establish the existence of a duty owed by defendant to plaintiff, a breach of that duty and an injury to plaintiff proximately caused by the breach.  
Hills v. Bridgeview Little League Ass'n
, 195 Ill. 2d 210, 228 (2000).  In determining whether a duty exists, the court considers: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden upon the defendant.  
Ward v. Kmart
, 136 Ill. 2d 132, 140-41 (1990).  The existence of a duty is a question of law to be determined by the court.  
Ward
, 136 Ill. 2d at 140.  

Under the Premises Liability Act, the owner or lessee of premises owes a duty of "reasonable care under the circumstances" to those lawfully on the premises.  740 ILCS 130/2 (West 2000).  However, a possessor of land is ordinarily not liable to his invitees for physical harm caused by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.  
Ward v. Kmart
, 136 Ill. 2d 132, 149 (1990), quoting the Restatement (Second) of Torts, Section 343A (1965).

Plaintiff first argues that the "cartnapper" barrier presented a dangerous condition.  In support of plaintiff's position, plaintiff points to Fotsch's expert testimony that the "cartnapper" barrier gaps were "far less than any allowable egress width allowed by the City of Chicago Building Code" and that the barriers "constitute a dangerous obstruction in the existing means of travel" as clearly sufficient to raise a genuine issue of fact as to whether or not the barriers presented a dangerous condition.  We agree with plaintiff.

On appeal, defendants do not dispute that the cartnapper barriers presented a dangerous condition.  Defendants instead argue that the danger was open and obvious because the barriers were clearly visible and the plaintiff's vision was not obscured.  Plaintiff counters that the danger presented by the "cartnapper" barrier was not open and obvious because, although the barriers were readily visible, a reasonable person in plaintiff's position could fail to appreciate the danger presented by the barriers.

In addressing the obviousness of a condition in the context of premises liability, the term "obvious" means that both the condition and the risk are apparent to and would be appreciated by a reasonable person in the plaintiff's position exercising ordinary perception, intelligence, and judgment.  
Deibert v. Bauer
, 141 Ill. 2d 430, 435 (2000).  Conditions may exist which, though seemingly innocuous in themselves, indeed present an unreasonable danger under certain circumstances.  
Deibert
, 141 Ill. 2d at 439.  The issue of whether a condition is obvious is determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge.  
Wreglesworth ex rel Wreglesworth v. Artco, Inc.
, 317 Ill. App. 3d 628, 635-36 (2000).  Whether a condition presents an open and obvious danger is a question of fact.
  
Pullia v. Builder's Square
, 265 
 
Ill. App. 3d 933, 939 (1994).  See also 
Buchaklian v. Lake County Family Young Men's Christian Association
, 314 
 
Ill. App. 3d 195, 202 (2000).

A condition presents an open and obvious danger only where "both the condition 
and the risk
 are apparent to and would be appreciated by a reasonable person in the plaintiff's position exercising ordinary perception, intelligence, and judgment."  (Emphasis added.)  
Deibert v. Bauer
, 141 Ill. 2d 430, 435 (2000).  Plaintiff testified that he encountered no difficulty passing through the "cartnapper" barriers when entering the store and had encountered no difficulty when passing through the barriers on previous occasions.  In their reply to plaintiff's response to the motion for summary judgment, defendants argued that the barriers were "an instrumentality that did not present 
any
 danger to anyone that was paying even a modicum of attention to what they were doing."  (Emphasis added.)  Where defendants themselves were unable to appreciate "any danger" presented by the gates and plaintiff had encountered the gates previously without incident, a question of fact exists as to whether a reasonable person in plaintiff's position would likewise have failed to appreciate the risk presented by the barriers at the time plaintiff fell.  Cf. 
Buchaklian
, 314 Ill. App. 3d at 203 (question of fact held to exist as to whether a condition was open and obvious where defendants asserted that they had no notice of the condition)
.
  Because plaintiff has raised a genuine issue of material fact as to whether the "cartnapper" barriers presented an open and obvious danger, summary judgment was improper.  See 
Buchaklian
, 314 Ill. App. 3d at 203.

Even assuming 
arguendo
 that the "cartnapper" barriers presented an open and obvious danger, plaintiff correctly notes that a possessor of land owes a duty of care even in the face of a known and obvious danger if the possessor of land should anticipate the harm despite such knowledge (
Ward
, 136 Ill. 2d at 149). 
Harm may be reasonably anticipated when a possessor of land has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.  
LeFever v. Kemlite Co.
, 185 Ill. 2d 380, 391 (1998), quoting the  Restatement (Second) of Torts §343A, Comment f, at 220 (1965).  Courts have referred to this exception to the "open and obvious" doctrine as the "deliberate encounter exception."  
LeFever
, 185 Ill. 2d at 391, citing  
Jackson v. Hilton Hotels Corp.
, 277 Ill. App. 3d 457, 464 (1995).  If a hazard is open and obvious "liability stems from the knowledge of the possessor of the premises, and what the possessor 'ha[d] reason to expect' the invitee would do in the face of the hazard."  
LaFever
, 185 Ill. 2d at 392 (1998), quoting Restatement (Second) of Torts §343A, Comment f, at 220 (1965).

This court having already concluded that plaintiff presented evidence sufficient to raise a genuine issue of fact as to whether a reasonable customer exiting the Osco store might fail to anticipate encountering difficulty passing through the "cartnapper" barriers just as plaintiff did, we merely note plaintiff's further argument that the "deliberate encounter" exception (
Le Fever
, 185 Ill. 2d at 391) applies in this case.  According to plaintiff, customers were required to encounter the "cartnapper" barriers in order to exit the Osco premises and proceed into the parking lot.  Plaintiff argues that defendants had reason to expect that customers would encounter the barriers because, to a reasonable person, the advantages of being able to exit the premises would outweigh the apparent risk presented by the "cartnapper" barriers.  See 
LeFever
, 185 Ill. 2d at 391. Defendants respond that photographs in the record show that an alternative existed in the form of two separate "cartnapper" barriers designed to accommodate handicapped patrons; however, the photographs included in the record do not clearly demonstrate a discernable difference between the handicapped "cartnapper" barriers and the "cartnapper" barrier through which plaintiff attempted to exit.  Furthermore, no evidence was presented suggesting that plaintiff was in any way handicapped.  A jury could properly conclude that the benefit of exiting through a means of egress provided for Osco customers would outweigh any apparent risks, notwithstanding the provision of alternative means of egress for the benefit of handicapped customers.  Thus, plaintiff has presented a genuine issue of material fact as to whether the "deliberate encounter exception" applies.  See 
LaFever
, 185 Ill. 2d at 391. 

Finally, defendants assert that the trial court properly granted summary judgment because plaintiff failed to establish that his injury was proximately caused by the "cartnapper" barriers.  Proximate cause is ordinarily a question of fact to be determined from all the attending circumstances, and it can only be determined as a matter of law when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable persons as to the inferences to be drawn from them.  
Seef v. Ingalls memorial Hospital
, 311 
 
Ill. App. 3d 7, 19 (1999).  Defendants contend that plaintiff cannot establish proximate cause because plaintiff's expert testified that he could not say that the barriers were a proximate cause of plaintiff's injuries.  Proximate cause is an issue of fact to be determined by the jury.  
Buchaklian
 314 Ill. App. 3d at 200.  An expert's inability to reach a conclusion as to proximate cause cannot be determinative of the issue.  What plaintiff's expert did testify to was that the width of the barrier gaps was "far less than any allowable egress width allowed by the City of Chicago Building Code;" he also opined that the barriers "constitute[d] a dangerous obstruction." Plaintiff testified that he lost his balance, fell, and injured his foot because he "didn't fit" through and "got stuck" on the "cartnapper" barriers.  Such evidence is sufficient to raise a genuine issue of fact as to the proximate cause of plaintiff's injuries.

Accordingly, we reverse the judgment of the circuit court and remand for further proceedings consistent with this order.

Reversed; cause remanded.

McNULTY and COUSINS, JJ., concurred