2020 IL App (1st) 191340

FIFTH DIVISION
NOVEMBER 6, 2020

No. 1-19-1340

| | | |
|---|---|---|
| JAMES FOY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 4767 |
| | ) | |
| THE VILLAGE OF LA GRANGE, ILLINOIS, | ) | Honorable |
| | ) | Catherine Schneider, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff-appellant, James Foy, brought a negligence action against the defendant-appellee, the Village of La Grange (Village). The trial court entered summary judgment in favor of the Village. Mr. Foy now appeals. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                     BACKGROUND

¶ 3    On June 5, 2017, at approximately 6 p.m., Mr. Foy was walking home on the sidewalk along North Park Road in the Village (sidewalk). The sidewalk is owned and maintained by the Village. As Mr. Foy was walking in the middle of the sidewalk, he tripped on a raised sidewalk slab, or what he referred to as a "raised deviation" between the sidewalk slabs (the sidewalk deviation). He guessed that the sidewalk deviation was caused by tree roots underneath the sidewalk. When Mr. Foy tripped and fell, he broke his right wrist and fractured his left rib.

¶ 4    On May 9, 2018, Mr. Foy filed a complaint against the Village, alleging that the Village was negligent in maintaining the sidewalk. The Village moved for summary judgment, alleging that they owed no duty for a *de minimis* condition.[1] The Village argued that, in the alternative, the condition on the sidewalk was open and obvious and so the Village owed no duty of care to Mr. Foy. The Village also argued that, even if a duty existed, Mr. Foy did "not meet his burden of showing actual or constructive notice of this inconspicuous sidewalk defect."

¶ 5    Mr. Foy testified, in a deposition for the case, that at the time of the accident, it was still light out, he was not distracted as he was walking, and he had "no trouble seeing where [he] [was] going." The following exchange ensued:

"[THE VILLAGE'S COUNSEL]: [Interrogatory No.] 31 asks if there are any obstructions upon the sidewalk that prevented from you [*sic*] observing the defect that you claim caused your fall and you state there were no obstructions, correct?

[MR. FOY]: No.

[THE VILLAGE'S COUNSEL]: If you were looking down at that particular sidewalk defect just prior to your fall, would you have been able to see it?

[MR. FOY]: Yes."

¶ 6    After Mr. Foy fell, he laid on the ground for a few minutes. His friend and neighbor, Jeff White, was walking in his driveway nearby and ran over to check on Mr. Foy. When Mr. Foy stood

---

[1]Although a municipality has a duty to keep its property in a reasonably safe condition, it has no duty to repair *de minimis* defects in its sidewalks. *St. Martin v. First Hospital Group, Inc.*, 2014 IL App (2d) 130505, ¶ 13. There is no simple standard to separate *de minimis* defects in sidewalks from actionable ones and whether a height variance between two sidewalk slabs is *de minimis* depends on all of the pertinent facts of the case. *Id.* ¶ 14.

up, he saw "the raised sidewalk" on which he had tripped. Mr. Foy walked home, took some Tylenol, and laid down. He did not seek immediate medical attention. The next day, he felt a lot of pain all over his body, but especially in his wrist and rib. Later that same day, he went to the emergency room. In the emergency room, X-rays revealed that his right wrist was broken and his left rib was fractured. His medical bills for treatment totaled $5449.

¶ 7    Following the accident, Mr. Foy took several photographs of the sidewalk where he tripped. Although he did not include any measuring sticks in the photographs, he testified that the height variance between the sidewalk slabs at the deviation measured between two and three inches. When asked about photographs of the sidewalk deviation taken by the Village, which showed the height variance measured an inch and a half, Mr. Foy responded that the Village's measurements were inaccurate because "the measuring stick [was] on top of the dirt."

¶ 8    Mr. Foy's friend and neighbor, Mr. White, testified via affidavit. Mr. White testified that he lived at 67 North Park Road in the Village and that Mr. Foy tripped and fell in front of his home. He did not observe the fall, but he understood "that [Mr. Foy] attributed his fall to an approximate two inch *** displacement at the expansion joint between the sidewalk slabs near the parkway tree in front of our home."[2]

¶ 9    Ryan Gillingham, the Village's director of public works, also testified in a deposition. He testified that he is responsible for the Village's sidewalks. A week after Mr. Foy's accident, he went to the sidewalk and measured the sidewalk deviation. It measured between 1.5 and 1.75 inches. He said it was likely caused by tree roots. He testified that the deviation in the sidewalk was not uncommon in the Village and that there was nothing "particularly unusual" about it.

---

[2]Mr. White's wife, Nikki White, also testified via affidavit. She testified consistently with Mr. White.

Looking at a picture of the sidewalk deviation, Director Gillingham rated it a "Condition 5" on a scale of 6, mainly due to the joint displacement of the sidewalk slabs. Director Gillingham did not know how long the sidewalk deviation had existed. He explained that, generally, sidewalks in the Village are only inspected for improvement when there is street construction.

¶ 10     A hearing on the Village's motion for summary judgment commenced. The parties did not make any oral arguments but instead relied upon their briefs on the motion. In its brief, the Village gave three alternative arguments as to why summary judgment was appropriate. First, the Village argued that the sidewalk deviation was a *de minimis* defect for which it had no duty to repair. The Village alternatively argued that the sidewalk deviation that Mr. Foy tripped on was open and obvious and so the Village owed Mr. Foy no duty of care. Specifically, the Village claimed that "there is no dispute regarding the visibility of the identified sidewalk defect" and so the open and obvious rule precluded Mr. Foy's negligence action. And finally, the Village argued that, even if it had a duty regarding the sidewalk deviation, it did not have actual or constructive notice of it.

¶ 11     In his brief opposing summary judgment, Mr. Foy argued that a genuine issue of material fact existed as to the height of the sidewalk deviation and so summary judgment on the Village's *de minimis* argument would be improper. He argued that, for the same reason, a genuine issue of material fact also existed regarding whether the sidewalk deviation was open and obvious. Mr. Foy further argued that a genuine issue of material fact existed as to whether the Village had constructive notice of the sidewalk deviation.

¶ 12     At the conclusion of the hearing, the trial court granted the Village's motion for summary judgment, dismissing Mr. Foy's negligence action. Although the trial court rejected the Village's *de minimis* argument because a question of fact existed as to the height of the sidewalk deviation, the trial court found in favor of the Village on its open and obvious argument. The trial court found

that there was no issue of fact that the sidewalk contained a visible defect with the raised deviation. The trial court stated:

> "And in my review of the facts including the photographs of the condition and [Mr. Foy's] testimony, that if he had been looking at the sidewalk he would have seen it, I find that as a matter of law it is open and obvious."

¶ 13    The trial court still considered the Village's duty of care owed to Mr. Foy. The trial court found that the fact that the sidewalk deviation was open and obvious, the fact that the risk of injury was minimal, and the fact that the Village had "miles and miles of sidewalk" to maintain all weighed in favor of no duty imposed on the Village. The trial court concluded by noting that the two exceptions to the open and obvious rule did not apply since it was light out at the time of the accident and there were no obstructions that prevented Mr. Foy from seeing the sidewalk deviation.

¶ 14    The trial court additionally found that Mr. Foy failed to raise any genuine issue of material fact regarding whether the Village had the required notice of the sidewalk deviation and so the trial court granted summary judgment on that basis, as well.

¶ 15    The trial court then entered an order granting summary judgment in favor of the Village and dismissing the case "for reasons stated on the transcribed record." Mr. Foy filed a motion to reconsider, which the trial court denied. This appeal followed.

¶ 16                                    ANALYSIS

¶ 17    We note that we have jurisdiction to review this case, as Mr. Foy filed a timely notice of appeal following the trial court's judgment denying his motion to reconsider. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 18    Mr. Foy presents the following sole issue: whether the trial court erred in granting summary judgment in favor of the Village.

¶ 19    The purpose of summary judgment is to determine if a genuine question of material fact exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). Summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Adams*, 211 Ill. 2d at 43. "Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt." *Wells Fargo Bank, N.A. v. Norris*, 2017 IL App (3d) 150764, ¶ 19. We review appeals from summary judgment rulings *de novo*. *Id.*

¶ 20    Mr. Foy argues that a genuine issue of material fact exists in this case as to: (1) whether the sidewalk deviation was open and obvious; and (2) whether the Village had constructive notice. As the open and obvious issue is dispositive, we turn to it first.

¶ 21    In a negligence action, the plaintiff must plead and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and injury proximately resulting from the breach. *Smith v. The Purple Frog, Inc.*, 2019 IL App (3d) 180132, ¶ 11. Under the open and obvious rule, a party who owns or controls land is not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 16. Stated another way, no duty to warn or protect may be imposed upon a defendant where the risk of injury is open and obvious. *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023,

1028 (2005).[3] " 'Obvious' means that 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.' " *Bruns*, 2014 IL 116998, ¶ 16 (quoting Restatement (Second) of Torts § 343A cmt. b, at 219 (1965)). Whether a condition is open and obvious is an objective standard. *Rozowicz v. C3 Presents, LLC*, 2017 IL App (1st) 161177, ¶ 16.

¶ 22    We agree with the trial court in this case that no genuine issue of material fact exists as to whether the sidewalk deviation was open and obvious. Our supreme court has made it clear that sidewalk defects may constitute open and obvious danger. *Bruns*, 2014 IL 116998, ¶ 17. Although there is conflicting evidence in this case about the *size* of the sidewalk deviation, there is no dispute that there was nevertheless an *apparent* sidewalk deviation which any reasonable person could see. See *Sandoval*, 357 Ill. App. 3d at 1029 (any reasonable person exercising ordinary care in traversing down a sidewalk with elevation changes would recognize and appreciate the risk involved).

¶ 23    Significantly, Mr. Foy testified that if he had been "looking down at that particular sidewalk defect just prior to [his] fall," *he would have seen it*. The fact that Mr. Foy admits that the sidewalk deviation was readily visible supports finding that it was open and obvious. See *Prostran v. City of Chicago*, 349 Ill. App. 3d 81, 85-86 (2004) (a defect is open and obvious where both the condition and the risk are easily recognizable).

¶ 24    Citing *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195, 202-03 (2000), Mr. Foy maintains that "no reasonable person would be looking straight down at the sidewalk while walking." However, *Buchaklian* involved a person tripping over raised

---

[3]There are two exceptions to the open and obvious rule: the distraction exception and the deliberate-encounter exception. *Kleiber v. Freeport Farm & Fleet, Inc.*, 406 Ill. App. 3d 249, 257-58 (2010). However, neither exception is at issue in this case.

portions of a rubber floor mat, and this court held that the mat was not an open and obvious defect "because of its size, the lack of significant color contrast between the defect and the surrounding mat, or merely the short time that a person has in which to discover the defect as he or she takes a few steps toward the mat." *Id.* at 202. Importantly, we held that it was the kind of situation that a reasonably prudent person would *not* anticipate. *Id.* Although in that case we "refuse[d] to hold that invitees *** are required to look constantly downward" (*id.*), it does not necessarily follow that any defect on the ground cannot be open and obvious. In contrast to raised portions of a rubber mat that blend in with the rest of the mat, a raised sidewalk slab causing a deviation is readily visible to a reasonably prudent pedestrian, even when not looking downward. Not to mention that sidewalk deviations are common and can be easily anticipated by the average pedestrian.

¶ 25    Further, Mr. Foy's claim that he did not see the sidewalk deviation until after his fall does not render the open and obvious rule inapplicable, as it is *not based on his subjective knowledge* but rather on an objective standard. *Rozowicz*, 2017 IL App (1st) 161177, ¶ 16. Accordingly, we find that no issue of fact exists as to whether the sidewalk deviation was an open and obvious defect precluding the Village from owing a duty of care to Mr. Foy.

¶ 26    However, determining that the open and obvious doctrine applies does not end our inquiry regarding duty. *Bruns*, 2014 IL 116998, ¶ 34. We must still consider the traditional four factors of a duty analysis: (1) the reasonable foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing that burden on the defendant. *Id.*

¶ 27    As a defendant is ordinarily not required to foresee injury from a dangerous condition that is open and obvious (*id.* ¶ 35), the first factor carries little weight. As does the second factor because " 'it is assumed that persons encountering the potentially dangerous condition of the land

will appreciate and avoid the risks,' making the likelihood of injury slight." *Id.* (quoting *Sollami v. Eaton*, 201 Ill. 2d 1, 17 (2002)). Mr. Foy's testimony that the sidewalk deviation was readily visible supports this conclusion.

¶ 28    For the third and fourth factors, we must consider that the Village has miles of sidewalk to maintain. It is well recognized that sidewalks settle, erode, form cracks, and have other types of disruptions to the surface over time. It is not possible for the Village to prevent tree roots and other forms of natural erosion from disrupting the many miles of sidewalks within its borders. Requiring the Village to constantly inspect its sidewalks for possible sidewalk deviations would create a huge burden; the consequences of such a burden would apply to *all* the sidewalks in the Village. And "[t]he imposition of this burden is not justified given the open and obvious nature of the risk involved." *Id.* ¶ 36. Not to mention that there was no testimony to establish that the Village had notice of this particular sidewalk deviation. This all leads to the conclusion that this sidewalk deviation was not extraordinary so as to suggest that the Village should have noted it in routine inspection. Accordingly, we find that the additional two factors of the burden and consequences being placed on the Village would be too great and therefore no legal duty was owed to Mr. Foy. We thus affirm the trial court's order granting summary judgment in favor of the Village and dismissing Mr. Foy's negligence action.

¶ 29    However, by this ruling, we do not intend to reduce or expand the scope of liability for the Village regarding its responsibility to inspect its sidewalks and other public areas. Nor do we intend to diminish the rights and safety of pedestrians regarding the use of Village sidewalks and other public areas. Rather, we are scrupulously applying the law as it exists to the particular facts of this case.

¶ 30    Having held that the trial court properly granted summary judgment on the grounds that the sidewalk deviation was open and obvious and affirming on that basis, we need not examine the alternative grounds for which the trial court granted summary judgment, *i.e.*, that the Village lacked notice of the sidewalk deviation. See *Vulpitta v. Walsh Construction Co.*, 2016 IL App (1st) 152203, ¶ 22 (this court may affirm on any grounds in the record).

¶ 31                                    CONCLUSION

¶ 32    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 33    Affirmed.

---

**No. 1-19-1340**

---

| | |
|---|---|
| **Cite as:** | *Foy v. Village of LaGrange*, 2020 IL App (1st) 191340 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-L-4767; the Hon. Catherine Schneider, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Brion W. Doherty and Dominic C. LoVerde, of Motherway & Napleton LLP, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Michael R. Hartigan, of Hartigan & O'Connor P.C., of Chicago, for appellee. |

---