No. 2--02--1191 

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

HELGA BELLUOMINI, ) Appeal from the Circuit Court

   ) of Du Page County.

Plaintiff-Appellant,   )

   ) 

   ) No. 00--L--159

   )

STRATFORD GREEN CONDOMINIUM ) 

ASSOCIATION,           ) Honorable

                                  ) John T. Elsner,

Defendant-Appellee.   ) Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Helga Belluomini, sued defendant, Stratford Green Condominium Association, for injuries sustained when she tripped over a bicycle that was located on defendant's property.  The trial court granted defendant's motion for summary judgment.  The trial court found that defendant owed no duty to plaintiff because the bicycle was an open and obvious condition and that the distraction exception to the rule that no duty is owed for open and obvious conditions did not apply.  Plaintiff appeals.  We affirm.

In her amended complaint, plaintiff alleges that she sustained serious injuries when she tripped and fell over a bicycle that was located in the common area of a condominium complex that was owned and operated by defendant.  Plaintiff alleges that defendant was negligent because it did not remove the bicycle from the common area, because it failed to demand that the owners of the bicycle remove it from the common area,
 and because it permitted the owners of the bicycle to store the bicycle in the common area.  Plaintiff also sued various members of the family that allegedly owned the bicycle; however, this appeal does not concern that portion of the suit.

On July 25, 2002, defendant filed a motion for summary judgment, contending that there was no genuine issue of material fact.  Specifically, defendant contended that plaintiff's discovery deposition showed that the bicycle was an open and obvious condition and that plaintiff was not distracted.  Thus, according to defendant, it owed no duty to plaintiff.

In her discovery deposition, plaintiff described the circumstances of her accident.  On March 13, 1998, at approximately 3:45 p.m., plaintiff was leaving her apartment for work.  Plaintiff carried a medium-sized purse in her right hand. 
 Plaintiff moved from the hallway outside her apartment into the entryway of the building by opening a door.  The entryway of the building contained a child's bicycle that was chained to the railing of a staircase.  Plaintiff noticed the bicycle when she opened the door to the entryway.  The bicycle was chained in a standing position.   Plaintiff testified that the rear wheel of the bicycle protruded out from the railing "over a foot."  We note that, while plaintiff's testimony about the location of the rear wheel of the bicycle comes directly after her statement that she saw the bicycle immediately upon opening the door to the entryway of the building, she does not explicitly state that she noticed the location of the rear wheel of the bicycle before the accident.  Plaintiff testified that as she proceeded toward the exit, she was looking at the outside door of the building and not the bicycle.  Plaintiff did not recall how many steps she took before coming into contact with the bicycle.  Plaintiff fell when the rear wheel of the bicycle came into contact with her thighs.  Plaintiff sustained injuries to her left hand as a result of the fall.

One of the issues in this case is whether there is evidence that plaintiff was distracted when she tripped over the bicycle, because she was carrying a garbage or laundry bag.  Mary Bruce, plaintiff's property manager at the time of the accident,
 testified that, upon her arrival at the scene of the accident, she observed the bicycle and a dark bag containing garbage or laundry in the entryway of the building.  According to Bruce, plaintiff told her that she had been carrying the bag.  Bruce recalled picking up the bag and taking it to plaintiff's apartment.  Plaintiff, however, specifically contradicted this testimony.  She stated in her deposition that she was not carrying a garbage bag at the time of her injury and that she never told anyone that she was carrying a garbage bag.  Plaintiff testified that she carried only 
a medium-sized purse at the time of her injury.  According to plaintiff, the purse did not obstruct her vision.

On October 2, 2002, the trial court granted defendant's motion for summary judgment with prejudice.  In doing so, the trial court specifically noted that the bicycle was an open and obvious condition and that there was no competent evidence that plaintiff was distracted.  Plaintiff timely appeals.

On appeal, plaintiff contends that the trial court erred in finding, as a matter of law, that the bicycle was an open and obvious condition and that the distraction exception to the rule that there is no duty of care for an open and obvious condition did not apply.  We review 
de novo
 a trial court's grant of summary judgment
.  
Buchaklian v. Lake County Family Young Men's Christian Ass'n
, 314 Ill. App. 3d 195, 199 (2000).  Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  
Buchaklian
, 314 Ill. App. 3d at 199.

The issue in this case is whether the trial court erred in finding as a matter of law that defendant owed no legal duty to plaintiff.  If defendant owed no duty, there will be no liability, because a
 legal duty is a prerequisite to liability.  
Bucheleres v. Chicago Park District
, 171 Ill. 2d 435, 447 (1996). 

In Illinois, factors that are relevant to the determination of duty include: (1) the likelihood of injury; (2) the reasonable foreseeability of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant.  
Bucheleres
, 171 Ill. 2d at 456.

Plaintiff phrases her argument in terms of the open and obvious doctrine which, as will be explained, is closely related to the four-factor test described above.  
Under the open and obvious doctrine, " '[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.' "  
Deibert v. Bauer Brothers Construction Co., Inc.
, 141 Ill. 2d 430, 435 (1990), quoting Restatement (Second) of Torts, §343A(1), at 218 (1965).
  While the general rule is that a defendant owes no duty to protect against a known or open and obvious condition,
(footnote: 1) the fact that a condition is known or obvious is not a 
per se
 bar to the existence of a duty, because a defendant will still owe a duty where he should anticipate the harm despite the obviousness of the condition.  See 
Deibert
, 141 Ill. 2d at 435.

The two "exceptions" to the open and obvious doctrine provide examples of circumstances where a defendant has reason to anticipate harm despite the obviousness of the condition.  
Under the "forgetfulness" or "distraction" exception, a landowner will owe a duty to a plaintiff to protect against a known or obvious condition where it is reasonably foreseeable that the plaintiff will be distracted or forget about the condition after having momentarily encountered it.  
Ward
, 136 Ill. 2d at 152.  Similarly, the "deliberate encounter" exception imposes a duty where the landowner has reason to anticipate that the plaintiff will proceed in the face of the known or obvious danger because the benefit of doing so outweighs the apparent risk.  
Preze v. Borden Chemical, Inc.
, 336 Ill. App. 3d 52, 57  (2002), citing Restatement (Second) of Torts §343A, Comment 
f
, at 220 (1965).
 

The open and obvious doctrine addresses substantially the same issues as the first two factors of the four-factor duty test.  
Bucheleres
 explains the relationship between the open and obvious doctrine and the four-factor duty test.  The first factor of the duty test is the likelihood of injury.  For open and obvious conditions, the law generally considers the likelihood of injury slight because it is assumed that persons encountering potentially dangerous conditions that are open and obvious will appreciate and avoid the risks.  
Bucheleres
, 171 Ill. 2d at 456.  The second factor in the duty test is the reasonable foreseeability of the injury.  Injuries caused by open and obvious conditions are unlikely to be reasonably foreseeable because the legal concept of foreseeability takes into account that people will generally appreciate the risks associated with such conditions and therefore exercise care for their own safety.  
Bucheleres
, 171 Ill. 2d at 456-57; see also 
Sollami v. Eaton
, 201 Ill. 2d 1, 17 (2002).  Conversely, where one of the exceptions to the open and obvious doctrine applies, the outcome when analyzed under the first two factors is reversed because, where an invitee is likely either to fail to apprehend the danger because he is distracted or to deliberately encounter the danger because of a lack of a better alternative, an injury is both likely and foreseeable.  See, 
e.g.
, 
Ward
, 136 Ill. 2d at 154. 

The latter two factors of the duty test, the magnitude of the burden of guarding against injury and the consequences of placing that burden on the defendant, take into consideration policy concerns regarding the efficient placement of the burden of avoiding injury.
  In 
Deibert
, for example, where the plaintiff testified that he was distracted by falling debris at a construction site, causing him to trip over a five-inch rut while exiting a portable toilet, the supreme court's decision that the defendant owed the plaintiff a duty to protect against the rut was partially based on the fact that defendant's burden in moving the portable toilet away from the falling debris and the rut was slight.  
Deibert
, 141 Ill. 2d at 440.  In 
Bucheleres
, efficiency concerns cut the opposite direction.  There, the supreme court noted that preventing all diving from seawall ledges would constitute "a practical and financial burden of considerable magnitude" for the City of Chicago.  
Bucheleres
, 171 Ill. 2d at 458.

 There is an apparent contradiction in the court's role in determining duty in this case because, while the determination of duty is a question of law (
Bucheleres
, 171 Ill. 2d at 445), the determination of whether a condition is open and obvious, which constitutes a substantial portion of the duty determination, has been held to be a question of fact.  See, 
e.g.
, 
Simmons v. American Drug Stores, 
 
Inc.
, 329 Ill. App. 3d 38, 44 (2002); 
Buchaklian
, 314 Ill. App. 3d at 203; 
Pullia v. Builders Square, Inc.
, 265 Ill. App. 3d 933, 939 (1994).  Our view is that, for purposes of determining duty, where there is no dispute about the physical nature of the condition, the question of whether a condition is open and obvious is legal.  The determination of duty and the determination of whether a condition is open and obvious are closely related because they both in large measure address the issue of foreseeability.  See 
Bucheleres
, 171 Ill. 2d at 456.
  The supreme court has stated that foreseeability "in the context of determining the existence of a duty[] is for the court to resolve."  
Genast v. Illinois Power Co.
, 62 Ill. 2d 456, 466 (1976).  It makes little sense to say that the determination of duty is a legal question but the determination of whether a condition is open and obvious is a factual question, where two of the four factors of the duty test, the foreseeability of the injury and the likelihood of the injury, are substantially decided by determining whether a condition is open and obvious (see 
Bucheleres
, 171 Ill. 2d at 456)
.  We also find it significant that the supreme court, in determining duty, has made apparent legal determinations of whether various conditions were open and obvious.  See, 
e.g.
, 
Sollami
, 201 Ill. 2d at 14 (finding that a reasonable 15-year-old would appreciate the risks of "rocket jumping" on a trampoline); 
Bucheleres
, 171 Ill. 2d at 454 (finding that Lake Michigan presents an open and obvious danger to divers); 
Deibert
, 141 Ill. 2d at 438 (finding that a rut outside of a portable toilet was an obvious condition); 
Dunn v. Baltimore & Ohio R.R. Co.
, 127 Ill. 2d 350, 357 (1989) (applying rule that a train stopped at a crossing is adequate notice and warning of its presence absent special circumstances).

This is not to say that whether a condition is open and obvious is always, or even usually, a legal question.  First, obviously, the physical nature of the condition, especially its visibility, is a factual question.  For example, in 
American National Bank & Trust Co. v. National Advertising Co.
, 149 Ill. 2d 14, 27-28 (1992), the supreme court found that there was a factual question as to whether a power line that caused the electrocution of a man who was painting a billboard was open and obvious, because the plaintiff had presented testimony by individuals who had worked on the billboard that they were unaware of the presence of the power line.  We note also that the authority cited by plaintiff for the proposition that whether a condition is open and obvious is a question of fact can, to a varying extent, be explained by disputes about the physical nature of the condition.   See
 
Simmons
, 329 Ill. App. 3d at 44; 
Buchaklian
, 314 Ill. App. 3d at 203; 
Pullia
, 265 Ill. App. 3d at 939. 
  Likewise, had the parties in this case disputed whether the bicycle was visible, there may have been a factual question as to whether the bicycle was open and obvious.  Second, the degree to which a condition is open and obvious is relevant to determining breach of duty and comparative negligence, both of which are factual issues.  
Rexroad v. City of Springfield
, 207 Ill. 2d 33, 45-46 (2003)
; 
Deibert
, 141 Ill. 2d at 441; 
Ward
, 136 Ill. 2d at 142,
 156
.
  In these contexts, whether a condition is open and obvious is a factual question.

Plaintiff phrases her argument solely in terms of the open and obvious doctrine and its corresponding exceptions and does not engage in the factor analysis that the supreme court has used to determine duty.  Despite this, plaintiff's discussion of the open and obvious doctrine covers, in substance, the first two factors of the duty test.  However, plaintiff's arguments fail to address the latter two factors, which relate to efficient placement of the burden of preventing injury.  We consider plaintiff's arguments with respect to the open and obvious doctrine because they are relevant to determining whether defendant owed a duty.

Plaintiff first argues that the trial court erred as a matter of law in finding that the bicycle she encountered was open and obvious.
  Defendant points out that plaintiff has admitted in her deposition that she saw the bicycle before she tripped over it.  Plaintiff responds that the issue of whether a condition is open and obvious is determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge.  
Buchaklian
, 314 Ill. App. 3d at 203.  However, this rule apparently applies only to the opposite situation, where a reasonable person would have seen the dangerous condition, but the plaintiff did not.
  Under the Restatement (Second) rule, which has been adopted in Illinois (
Deibert
, 141 Ill. 2d at 434-35), "known" conditions are treated the same as obvious conditions.  
Deibert
, 141 Ill. 2d at 435; Restatement (Second) of Torts, §343A(1), at 218 (1965).  A condition is "known" where the plaintiff has " 'not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves.' "  
Deibert
, 141 Ill. 2d at 435, quoting Restatement (Second) of Torts §343A, Comment 
b
, at 219 (1965).  Plaintiff testified in her deposition that she noticed the bicycle when she opened the door to the lobby of her building.  Plaintiff also testified that the rear wheel of the bicycle protruded out "over a foot" from the railing.  However, plaintiff points out that this testimony did not specify whether she noticed the location of the rear wheel of the bicycle, as opposed to the bicycle itself, before her fall.  Our view is that, notwithstanding this ambiguity, having seen the bicycle immediately before tripping over it, plaintiff could not have failed to appreciate the danger that she might trip over the bicycle, or a part of it, such as the rear wheel.

Plaintiff argues that, even if the bicycle was a known condition, defendant still owed a duty with respect to the bicycle because it was foreseeable that plaintiff would be distracted when encountering the bicycle.   Where a condition is known or obvious, a defendant will owe a duty only if he " '
should anticipate the harm despite such knowledge or obviousness
.' "  (Emphasis in original.)  
Ward
, 136 Ill. 2d at 149, quoting Restatement (Second) of Torts §343A(1), at 218 (1965).  
One instance where a landowner should anticipate harm from a known or obvious condition is where the landowner has "reason to expect that an invitee's attention might be distracted, so that he will not discover what is obvious, or will forget what he has discovered or will fail to protect himself against it."  
Rexroad
, 207 Ill. 2d at 45.  This is known as the "distraction" exception to the open and obvious doctrine.  
Rexroad
, 207 Ill. 2d at 45.   Although this is stated purely in terms of foreseeability, the supreme court has made clear that the distraction exception applies only where the plaintiff is actually distracted.  See 
Ward
, 136 Ill. 2d at 153 ("We may well have arrived at a different conclusion *** if the plaintiff would not have been carrying any vision-obscuring bundle"); 
Sollami
, 201 Ill. App. at 16 (distraction exception did not apply because there was no evidence that plaintiff became distracted).  Thus, in order for the distraction exception to apply, it must have been foreseeable that plaintiff would become distracted 
and
 there must be evidence that plaintiff actually became distracted.

Plaintiff argues that, because there is evidence that she was carrying a garbage bag at the time of the accident, the trial court erred in holding that the distraction exception to the open and obvious doctrine did not apply.  It is true that Mary Bruce, a former employee of defendant, testified that plaintiff told her shortly after the accident that she was carrying a garbage bag.  However, plaintiff specifically testified that she carried no garbage bag and that her vision was not obstructed.  Moreover, Bruce's testimony, even if taken at face value, suggests only that plaintiff carried a garbage bag, not that she was distracted by the garbage bag when she tripped over the bicycle.  Thus, while we note that it was foreseeable that a person traversing the entryway to plaintiff's building would be distracted as a result of carrying a vision-obstructing parcel, we agree with the trial court that the distraction exception does not apply here because there is no evidence that plaintiff was actually distracted.   We agree with the trial court that the bicycle was a known or obvious condition and that the distraction exception to the open and obvious doctrine does not apply.

We now turn to the duty test.  The first two factors of the duty test point toward not imposing a duty on defendant for the same reasons that the open and obvious doctrine applies: it was neither likely nor reasonably foreseeable that, without being distracted, plaintiff would be injured by a condition of which she was aware.  We hold that the second two factors of the duty test also point toward not imposing a duty on defendant.  First, the magnitude of the burden on defendant of guarding against injury was significant.  It is true that there are reasonable steps a condominium association may take to avoid injuries of plaintiff's type, such as to request that tenants desist from storing items in areas where they present potential obstacles to foot traffic; however, where these measures are ineffective, the burden of constant vigilance against the unsanctioned actions of tenants is great.  Furthermore, both plaintiff and the owners of the bicycle were in superior positions to prevent the injury.  Plaintiff could have avoided the injury simply by taking care to sidestep the bicycle that she apprehended shortly before the accident.  The owners of the bicycle, being aware of its location, could have easily placed the bicycle in a different location.  We conclude that the final two factors also favor not imposing a duty on defendant.  Accordingly, we hold that defendant owed no duty to protect plaintiff against the bicycle.

Affirmed.

GROMETER and CALLUM, JJ., concur. .

FOOTNOTES
1:  This has sometimes been stated in terms of conditions that are known or obvious "in themselves" satisfying a defendant's duty of reasonable care.  
Ward v. K mart Corp.
, 136 Ill. 2d 132, 156 (1990).