SIXTH DIVISION
November 5, 2010

No. 1-08-3554

| | | |
|---|---|---|
| CARLOTA ALQADHI, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| v. | ) | |
| | ) | No. 06 L 11719 |
| STANDARD PARKING, INC., a Foreign Corporation, | ) | |
| and CENTER AT RIVER EAST, L.L.C., | ) | Honorable |
| | ) | James D. Egan, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Carlota Alqadhi appeals summary judgment on her premises liability complaint. The trial court found without explanation the condition causing plaintiff's injury was open and obvious as a matter of law. We believe the trial court discounted the testimony of plaintiff's expert, which, if believed, created a question of fact for the trier of fact. We reverse and remand for further proceedings.

On September 25, 2001, plaintiff tripped and fell over raised concrete while leaving defendants' parking garage and suffered injury to her knees. Plaintiff's complaint alleged she tripped because defendants failed to mark a 3/4-inch rise in concrete of a wheelchair-accessible ramp near the second-floor exit to defendants' garage. Defendants moved for summary judgment on plaintiff's complaint. Defendants argued: (1) no foreseeable risk was created by the raised

concrete; and (2) the condition causing plaintiff's injury was open and obvious. Plaintiff responded to defendants' motion for summary judgment with her own deposition testimony and an affidavit by a registered professional engineer. Plaintiff testified that the raised concrete created an optical illusion of a flat walking surface: "[i]t was all the same color and because it was a new building, they hadn't painted it yellow yet. So it all kind of fused. As you were walking, it all kind of looked the same." She described the lighting by the step as "low," "dim," "dark" and "bad." She admitted she had parked in the garage before without incident but said she normally parked on the fourth floor, where the ramp was marked with yellow contrast paint. When defense counsel asked whether plaintiff had noticed the step on the second floor before, plaintiff replied "I would see it as I was walking because I didn't fall before. So I would see it." She admitted she probably would have seen the raised concrete if she had been looking downward.

Plaintiff's engineer evaluated the area where plaintiff fell. He acknowledged that the ramp was imprinted with a cross-hatched diamond pattern designed to warn pedestrians and that the imprint complied with the Americans with Disabilities Act of 1990 (42 U.S.C. §12101 *et seq.* (2000)). But, he found:

> "The lack of contrast between the surface of the parking level and the curb ramp *** disguised the abrupt change in vertical elevation between the parking level and those surfaces, and the abrupt change in vertical elevation as marked by Plaintiff on the proffered photograph at her deposition was not obvious. Application of contrast paint was essential ***. "

2

He concluded that defendants' failure to mark the curb with contrast paint was the proximate cause of plaintiff's accident and stated:

"[I]t is my opinion within a reasonable degree of forensic engineering certainty that every Federal and State accessibility standard, every National consensus, accessibility standard, building or property maintenance standard *** supports the assertion that an abrupt vertical change in the level of adjacent horizontal surfaces in excess of one-quarter inch is a dangerous tripping hazard."

The trial court found that the raised concrete was an open and obvious condition and granted summary judgment to both defendants, Standard Parking, Inc., and Center at River East, L.L.C. The trial court later denied plaintiff's motion to reconsider. Plaintiff appeals.

Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2000). A genuine issue of material fact exists "where the material facts are disputed or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts." Bagent v. Blessing Care Corp., 224 Ill. 2d 154, 162-63, 862 N.E.2d 985 (2007). We review summary judgment orders *de novo*. Bagent, 224 Ill. 2d at 163.

The elements of a cause of action for negligence are: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury proximately caused by the breach. Matthews v. Aganad, 394 Ill. App. 3d 591, 598, 914 N.E.2d 1233 (2009). On appeal, plaintiff claims defendants owed her a duty to mark or paint "the step" at issue. The factors used to

3

determine the existence of a duty include: (1) the likelihood of injury; (2) the reasonable foreseeability of such injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant. Bucheleres v. Chicago Park District, 171 Ill. 2d 435, 456, 665 N.E.2d 826 (1996). Whether defendants owed plaintiff a duty of reasonable care is a question of law for the court. Bucheleres, 171 Ill. 2d at 445.

Defendants contend that "the step" was an open and obvious condition, negating any alleged duty owed to plaintiff. The open and obvious doctrine is an exception to the general duty of care owed by a landowner and in Illinois is based on the Second Restatement of Torts:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts §343A(1) (1965).

Our supreme court has held that the doctrine implicates the first two factors of the traditional duty analysis: likelihood of injury and foreseeability. Sollami v. Eaton, 201 Ill. 2d 1, 15, 17, 772 N.E.2d 215 (2002), citing Bucheleres, 171 Ill. 2d at 456. Where a condition is deemed open and obvious, the likelihood of injury is generally considered slight because it is assumed that people encountering potentially dangerous conditions that are open and obvious will appreciate and avoid the risks. Bucheleres, 171 Ill. 2d at 456. Injuries caused by open and obvious conditions are unlikely to be reasonably foreseeable as people will generally appreciate the risks associated with such conditions and exercise care for their own safety. Bucheleres, 171 Ill. 2d at 456-57.

A condition is open and obvious where a reasonable person in the plaintiff's position

exercising ordinary perception, intelligence and judgment would recognize both the condition and the risk involved. Deibert v. Bauer Brothers Construction Co., 141 Ill. 2d 430, 435, 566 N.E.2d 239 (1990); Green v. Jewel Food Stores, Inc., 343 Ill. App. 3d 830, 832, 799 N.E.2d 740 (2003); see also Sandoval v. City of Chicago, 357 Ill. App. 3d 1023, 1028, 830 N.E.2d 722 (2005) (whether a condition is open and obvious "depends not on plaintiff's subjective knowledge but, rather, on the objective knowledge of a reasonable person confronted with the same condition").

Normally where there is no dispute about the physical nature of the condition, the question of whether a condition is open and obvious is a legal one for the court. Wilfong v. L.J. Dodd Construction, No. 2-09-0347, slip op. at 11 (May 27, 2010), citing Belluomini v. Stratford Green Condominium Ass'n, 346 Ill. App. 3d 687, 692-93 (2004). But, "where there is a dispute about the condition's physical nature, such as its visibility, the question of whether a condition is open and obvious is factual." Wilfong, slip op. at 11, citing Belluomini, 346 Ill. App. 3d at 693. Where a court cannot conclude as a matter of law that a condition poses an open and obvious danger " 'the obviousness of the danger is for the jury to determine.' " Duffy v. Togher, 382 Ill. App. 3d 1, 8, 887 N.E.2d 535 (2008) (citing cases).

Here, the trial court found as a matter of law that the raised concrete causing plaintiff's injury was open and obvious. But we must disagree based on the testimony of plaintiff's expert. Plaintiff described the lighting conditions around the curb as "low" and "dark." She testified that she was unable to appreciate the change in elevation from the parking lot and the curb, and that the lack of contrast created the "illusion" of walking on a flat surface. Plaintiff's engineer's

opinion supports plaintiff's observations. He concluded that the lack of contrast paint "disguised" the change in vertical elevation between the parking lot and the curb, creating an impermissible tripping hazard that was "not obvious."

In contrast, defendants contend that the unpainted curb was not a dangerous condition. They argue that "[t]here is no question of fact that Plaintiff could not appreciate and avoid any risk." They describe the area as "well lit," the pavement "smooth and free from defects" and the curb as visible and open and obvious. Defendants suggest that the curb's compliance with the Americans with Disabilities Act of 1990 (42 U.S.C. §12101 *et seq.* (2000)) militates against imposing a duty. But, plaintiff's expert pointed out that while the curb ramp "would be safe for a wheelchair bound person," the lack of contrast paint creates a risk of tripping "for a person who is simply walking."

We cannot characterize this case as one where there is "no dispute about the physical nature of the condition." See Belluomini, 346 Ill. App. 3d at 694; Simmons v. American Drug Stores, Inc., 329 Ill. App. 3d 38, 44, 768 N.E.2d 46 (2002) ("[w]here defendants themselves were unable to appreciate 'any danger' presented by the [condition] and plaintiff had encountered [the condition] previously without incident, a question of fact exists as to whether a reasonable person in plaintiff's position would likewise have failed to appreciate the risk presented by [the condition] at the time plaintiff fell").

Defendants argue in the alternative that summary judgment can be affirmed under the "*de minimus*" rule, which "states that minor municipal sidewalk defects are generally not actionable." Bledsoe v. Dredge, 288 Ill. App. 3d 1021, 1023, 681 N.E.2d 96 (1997). Defendants correctly

note that the rule has been extended to private landowners under certain circumstances. See

Hartung v. Maple Investment & Development Corp., 243 Ill. App. 3d 811, 612 N.E.2d 885

(1993). Hartung is a thoughtful, well-reasoned review of the *de minimus* rule. But it recognized

that a minor defect "may be actionable where there are other aggravating factors such as heavy

traffic because pedestrians may be distracted and must be constantly alert to avoid bumping into

each other." Hartung, 243 Ill. App. 3d at 815. In the case before us, both plaintiff and her expert

testified to impaired visibility which concealed an otherwise minor defect. We believe the

testimony was sufficient to remove this case from application of the open and obvious doctrine

and the *de minimus* rule.

The judgment of the circuit court is reversed and remanded for further consideration

consistent with this opinion.

Reversed and remanded.

J. GORDON, J., concurs.

R.E. GORDON, J., specially concurs.

1-08-3554

JUSTICE R.E. GORDON, specially concurring:

I agree with the majority's disposition of the case, but write separately to clarify the issue concerning an open and obvious danger.

The question of whether a particular landowner owed a duty of care to a particular invitee under a theory of premises liability is a question of law. *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 388 (1998). However, when a court cannot conclude as a matter of law that a condition posed an open and obvious danger, then "the obviousness of the danger is for the jury to determine." *Klen v. Asahi Pool, Inc.*, 268 Ill. App. 3d 1031, 1044 (1994); *Simmons v. American Drug Stores, Inc.*, 329 Ill. App. 3d 38, 43 (2002) ("Whether a condition presents an open and obvious danger is a question of fact"), cited by *Sollami v. Eaton*, 201 Ill. 2d 1, 20 (2002) (Harrison, C.J., dissenting) ("Whether a condition presents an open and obvious danger is a question of fact for the trier of fact"); *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195, 203 (2000) ("summary judgment is not proper when reasonable minds could differ as to whether a condition was open and obvious[;] *** such a determination involves a finding of fact").

In *Duffy v. Togher*, 382 Ill. App. 3d 1 (2008), we found that when a 21-year-old plaintiff dove into an in-ground swimming pool located in the backyard of a single-family home and sustained serious injuries, the question of an open and obvious danger was a jury question. In that case, an expert testified that there was an optical illusion that the pool had both a shallow and a deep end, and from the physical design of the pool, it was not an open and obvious danger, which supported plaintiff's observations. In the case at bar, as the majority ably points out, plaintiff's expert testified that plaintiff was unable to appreciate the change in elevation from the

8

parking lot and curb when the lighting conditions were "low" and "dark," and that the lack of contrast created the "illusion" of walking on a flat surface, which also supported plaintiff's observations. In *Duffy* and this case, expert testimony aided the plaintiff's theory of liability in creating a factual issue for the trier of fact.